DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals the adjudication of her children as neglected and dependent, rendered following a hearing in the Huron County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.
 {¶ 2} Appellant is Rhonda C, mother of five-year-old Vincent C. and nine-year-old Lita C. The children's father is deceased. *Page 2 
 {¶ 3} Shortly before 2:00 a.m. on December 13, 2006, Bellevue, Ohio police received a request from a children's services worker with the Huron County Department of Job and Family Services. The worker told police that the agency had received allegations that appellant's children were being abused and/or neglected.
 {¶ 4} An officer responded, but received no response when he knocked on appellant's door. The officer then peered through a window, seeing appellant lying on the floor atop scattered CDs and DVDs, unclothed from the waist down, her head partially inside an entertainment center.
 {¶ 5} The officer called for his supervising sergeant. When the sergeant arrived, the two officers again knocked, but appellant, lying less than six feet from the door, did not respond. The sergeant tried the door and found it unlocked.
 {¶ 6} Even after the officers entered, appellant would not rouse for several minutes. When she did, she was disoriented, confused and incoherent. Officers noted a strong odor of an alcoholic beverage about her and saw the remnants of a mostly consumed 12 pack of beer in the apartment. In a bedroom, police found the then four-year-old Vincent asleep in bed.
 {¶ 7} Officers arrested appellant for child endangerment and contacted the children services worker who arranged for Vincent to go with a neighbor who was already taking care of Lita. Later that day, the state filed a neglect and dependency complaint for both children. *Page 3 
 {¶ 8} On February 9, 2007, the trial court held a hearing on the complaint. At the conclusion of the hearing, the court granted appellant's motion to dismiss the neglect allegation with respect to Lita, but found both children dependent and Vincent neglected. The court awarded temporary custody of both children to the Huron County Department of Child and Family Services for continued placement in foster care pending further orders.
 {¶ 9} From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 10} "The judgment of the Huron County Juvenile Court finding that Lita was a dependent child and that Vincent was both dependent and neglected is unsupported by clear and convincing evidence."
 {¶ 11} In material part, R.C. 2151.03 defines a "neglected child" as, inter alia, one "[w]ho lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian * * *." A "dependent child" includes one, "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship * * *." R.C. 2151.04(C). Before a child may be adjudicated neglected or dependent, there must be clear and convincing evidence before the court to support the court's determination. R.C.2151.35(A).
 {¶ 12} "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence but less than beyond a reasonable doubt and that which will produce in the mind of the fact-finder a firm belief or conviction as to *Page 4 
the facts sought to be established." In Re Starkey, 150 Ohio App.3d 612,617, 2002-Ohio-6892, ¶ 16, citing State v. Schiebel (1990),55 Ohio St.3d 71, 74. An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether competent, credible evidence exists to support the trial court's factual determinations. Id.
 {¶ 13} The trial court found that Vincent lacked adequate parental care because of the faults or habits of his mother and that the evidence showed that on December 13, because of the condition or environment of the children, the intervention of the state was warranted to protect their interests.
 {¶ 14} Appellant argues that Vincent was where he was supposed to be at 2:00 a.m.: in his bed, asleep and with a pillow and covers. Lita was staying with an adequate caregiver. This begs the question. From the unrefuted testimony of the officers who found appellant, it could be reasonably inferred that she was unconscious on the floor for some period of time and was incoherent for a longer period after officers finally aroused her. Neither would it be unreasonable to infer that, for a much longer period surrounding her discovery, her judgment was impaired.
 {¶ 15} The statutes do not require that a child be injured or otherwise harmed, only that he or she be deprived of adequate parental care. On the evidence presented, we cannot say that the trial court's conclusion that Vincent was so deprived is erroneous. Moreover, because of the nature of the cause of this deprivation, we cannot say that the *Page 5 
court's conclusion that conditions warranted the state's intervention with respect to both children was unfounded.
 {¶ 16} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., concur. *Page 1